IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF STANCO BOAT RENTAL LTD., AS OWNER, AND FREEPORT LAUNCH LP, AS OWNER *PRO HAC VICE*, OF THE *BRENDA S* | § § § § § § § | CIVIL ACTION NO: 3:22-cv-325<br><br>DISTRICT JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>Rule 9(h) – Admiralty |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COME Stanco Boat Rental, Ltd. and Freeport Launch LP, as owner and owner *pro hac vice* of the crew vessel *BRENDA S* (collectively, "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 46 U.S.C. § 30501, *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), and would respectfully show the Court the following:

**1.**

This Honorable Court has jurisdiction over this action by virtue of 46 U.S.C. § 30501, *et seq.* and by virtue of 28 U.S.C. § 1333, including without limitation, because the alleged incident involved a vessel operating on navigable waters near Freeport, Texas, on the Gulf of Mexico, a navigable waterway, which is capable of and in fact does support maritime commerce, and that this satisfies the Court's admiralty jurisdiction.

2.

Venue is proper in this district pursuant to Rule F(9) of the Supplemental Admiralty Rules because the *BRENDA S* has not been attached or arrested, the incident happened off the coast of Texas, the vast majority of the persons on board the *BRENDA S* at the time of the incident reside in Texas, and Petitioners have been sued in this district as evidence by related matters currently pending in the Southern District of Texas.

3.

At all times material hereto, Stanco Boat Rental, Ltd. was and is a company organized and existing under the laws of the State of Texas, with its principal place of business in Freeport, Texas.

4.

At all times material hereto, Freeport Launch LP was and is a company organized and existing under the laws of the State of Texas, with its principal place of business in Freeport, Texas.

5.

Petitioners were at all times material hereto the Owner, and/or Owner *Pro Hac Vice*, of the *BRENDA S* and are considered "owners" of the vessel under the Limitation of Liability Act, 46 U.S.C. 30501 et seq., as a party or parties sought to be held liable "as owner" of the *BRENDA S*, per the claims set forth in Paragraphs 6 and 7, infra, and accordingly are entitled to the protections afforded by the Limitation of Liability Act. *See In re Shell Oil Co.*, 780 F.Supp. 1086, 1089 (E.D. La. 1991).

6.

At all times material hereto, the *BRENDA S* was and is a documented vessel of the United States, bearing Official Number 970048.

**7.**

Petitioners used due diligence at all times to make and maintain the *BRENDA S* in all aspects seaworthy, and prior to the incident described herein, the *BRENDA S* was tight, staunch, strong, fully and competently manned, properly equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

**8.**

On or about December 23, 2021, the *BRENDA S* was operating as a launch boat, transporting goods between Freeport, Texas and the *MARAN GAS ANDROS*, a vessel just offshore of Freeport, Texas. The *MARAN GAS ANDROS* is a 964 foot-long liquified natural gas tanker sailing under the Greek flag. To transfer goods between the *BRENDA S* and the much larger *MARAN GAS ANDROS*, a crane located on the deck of the *MARAN GAS ANDROS* is used to place and retrieve cargo pallets and crates from the deck of the *BRENDA S*.

**9.**

As a result of an alleged December 23, 2021 incident wherein a crewmember of the *BRENDA S* was injured during transfer operations between the *BRENDA S* and the *MARAN GAS ANDROS*, a lawsuit has been filed against Petitioners as owners of the *BRENDA S*. While Freeport Launch Service LP has provided maintenance and cure to its employee, any allegation of injuries, whether physical or mental, have been disputed.

**10.**

This Complaint is filed within six (6) months from the date Petitioners first received written notice of a limitable claim from anyone aboard the vessel or involved with the voyage. The vessel has not been damaged or lost at sea since the completion of the voyage on or about December 23, 2021 and subsequent return to service.

11.

The aforementioned cargo transfer, the alleged injuries, losses, and/or damages allegedly resulting therefrom, were not due to any fault, negligence, or want of care on the part of the Petitioners or the *BRENDA S* or anyone for whom said Petitioners may be responsible.

12.

If any fault caused or contributed to the claims for loss, damage, and/or injury arising from the alleged incident, which is denied, such fault, negligence, or want of care was occasioned and occurred without Petitioners' privy or knowledge.

13.

The aforementioned alleged incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, lack of due diligence, or want of care on the part of Petitioners', their agents, servants, employees, or any person for whose acts Petitioners are or can be held responsible; nor was the alleged injury caused or contributed to by any unseaworthiness or any other condition of the *BRENDA S*.

14.

The aforementioned alleged incident, and any losses, and/or damages allegedly resulting therefrom, were done, occasioned and incurred without privity or knowledge of Petitioners. No officers or managing directors of Petitioners were on board or in the vicinity of the *BRENDA S* at the time of the alleged incident.

15.

As a result of the aforementioned cargo transfer on or about December 23, 2021, a crewmember of the *BRENDA S* is alleged to have sustained physical and/or emotional injuries and/or other losses and has asserted those claims in the United States District Court for the

Southern District of Texas, Brownsville Division. In addition to the claims already asserted by the master of the *BRENDA S*, certain contracting parties and/or third-party contractors may also have sustained physical damage to property, contractual liabilities, and/or other losses over which legal action against Petitioners may be taken.

**16.**

On information and belief, Petitioners are, as of this date, aware of the following suits having been filed as a result of the alleged incident on or about December 23, 2021:

- *Melvin Perez and Diana Perez v. Freeport Launch, LP, Stanco Boat Rental, Inc. Crusandel Marine Co., and Maran Gas Maritime, Inc.*

  United States District Court, Southern District of Texas
  No. 1:22-cv-88, Judge Olvera, Magistrate Judge Torteya

**17.**

The forgoing pending matter and any other claims arising from the aforementioned cargo operations, asserts a sum total of claims in excess of the value of the *BRENDA S* and its freight pending, as outlined below. Petitioners bring this action so that all claims by all interested parties can be promptly and fairly adjudicated in a single forum, consistent with procedures established by Congress, the Federal Rules of Civil Procedure, and this Court. Contemporaneous with the filing of this Complaint, Petitioners seek an order from this Court establishing a period of time within which an interested party may file a claim for damages so that the final adjudicate of this matter may proceed expeditiously under this Court's supervision.

**18.**

The Affidavit of George Beck, MBA, AM-ASA, NAMS-CMS, dated September 2, 2022, shows the *BRENDA S* has a post-incident value of not more than $620,000.00 and is attached as

Exhibit A. Petitioners reserve the right to supplement and amend this paragraph and valuation as further facts are developed and additional information becomes available.

## 19.

Petitioners herewith submit for Court approval an *Ad Interim* Stipulation for Value describing the amount of Petitioner's interest in the *BRENDA S*.

## 20.

Petitioners claim exoneration from and limitation of liability from any and all injuries, deaths, losses, contract disputes, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners maintain that they have valid defenses thereto on the facts and on the law, and further alleged that the incident occurred without the privity and knowledge of Petitioners. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.*, and under the various statutes supplementary thereto and amendatory thereof.

## 21.

Should the Petitioners be found liable and the amount or value of the Petitioners' interests in the *BRENDA S*, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum represented by the *Ad Interim* Stipulation for Value, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of this Honorable Court.

**22.**

All and singular the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Petitioners pray that:

1. This Court accept Petitioners' *Ad Interim* Stipulation for Value as security for all claims in this proceeding;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court and to serve on attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if claimant desires to contest either the right to exoneration from or limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits or proceedings of any nature or description already commenced or which may hereafter be commenced in any jurisdiction against Petitioners, their officers, their respective insurers and underwriters, and/or against the *BRENDA S*, whether *in personam*, by attachment, or *in rem*, and additionally dissolving the arrest or attachment of any property of Petitioners pursuant to any proceedings *in rem*, or by attachment for loss, damage and destruction done, occasioned or incurred by reason of or resulting from the aforesaid incident, or incurring during the aforesaid voyage, except in the present proceeding, against Petitioners or any other person having or claiming to have an interest of any kind in the *BRENDA S*. If any claimant who shall file its claim under oath shall file an exception, controverting the value of the *BRENDA S*, and its condition as alleged herein, with interest at the applicable rate per annum, and costs, from the date hereof, that this Court shall cause due appraisal to be made of the value of the *BRENDA S*.

4. In the event said appraised value exceeds the limitation fund or the security filed with the Court, that this Honorable Court enter an Order for the giving of approved security of Petitioners via an *Ad Interim* Stipulation in such amount, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Rules of Civil Procedure;

5. This Court adjudge, after due proceedings, that Petitioners are not liable to any extent whatsoever for any injuries, losses, damages, or destruction, or for any claims whatsoever, arising from the consequences of the matters, happenings, and events stated in this

Complaint, and exonerate Petitioners, their officers, their respective insurers and underwriters, and the *BRENDA S* from liability;

6. Alternatively, if Petitioners should be adjudged liable in any amount, then such liability shall be limited to the amount or value of Petitioners' interest in the *BRENDA S*, as aforesaid, at the end of the voyage, that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the above mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging the Petitioners and their underwriters from all further liability;

7. After due proceedings had, there be judgment herein, in favor of Petitioners granting them exoneration from, or in the alternative, limitation of liability to the amounts claimed herein; and

8. Petitioners have such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

**KEAN MILLER, LLP**

*/s/   Robert M. Kallam*
Robert M. Kallam
Texas Bar No. 24034175
S.D. No. 13908
600 Jefferson Street, Ste. 1101
Lafayette, Louisiana 70501
337.235.2232
Robert.Kallam@keanmiller.com

G. Evan Spencer
Texas Bar No. 24113493
S.D. No. 3748768
711 Louisiana St., Ste. 1800
Houston, Texas 77002
713.844.3000
Evan.Spencer@keanmiller.com

***ATTORNEYS FOR PETITIONERS***